940 F.2d 664
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. WALSH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert E. WALSH, Defendant-Appellant.
 No. 91-3026.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and GIBSON, Chief District Judge.*
 
 ORDER
 
 2
 These consolidated cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Robert Walsh appeals the district court's order dismissing his 28 U.S.C. Sec. 2255 motion to vacate sentence, and the district court's order dismissing his Fed.R.Crim.P. 35(a) motion to correct an illegal sentence. A federal jury found Walsh guilty of one count of conspiracy to violate 21 U.S.C. Sec. 952(a) (importing marijuana), in violation of 21 U.S.C. Sec. 963, and one count of conspiracy to violate 21 U.S.C. Sec. 841(a)(1) (distributing marijuana) in violation of 21 U.S.C. Sec. 846. He was sentenced to concurrent prison terms of five years for conspiring to import marijuana and ten years for conspiring to distribute marijuana.
 
 
 4
 In his 28 U.S.C. Sec. 2255 motion, Walsh claimed prosecutorial misconduct, trial court error, and that he received ineffective assistance of counsel. The district court dismissed the petition, deciding that the claims were meritless.
 
 
 5
 On appeal, Walsh argues that: 1) his indictment was unconstitutionally vague; 2) the government improperly withheld evidence; 3) he received ineffective assistance of counsel; 4) he was subjected to illegal search and seizure; 5) his sentence was imposed in violation of ex post facto law; and 6) the court improperly disregarded defense counsel's objections to the presentence investigation report.
 
 
 6
 In his Fed.R.Crim.P. 35(a) motion, Walsh claimed that his sentence was imposed in violation of ex post facto law. The district court denied relief, deciding that this ground was meritless. Walsh raises the same argument on appeal.
 
 
 7
 The only issue properly before this court in Walsh's 28 U.S.C. Sec. 2255 motion concerns ineffective assistance of counsel. The issues concerning prosecutorial misconduct and trial court error, which were raised in the district court, were not raised on appeal. Thus, they are considered abandoned and not reviewed. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Similarly, Walsh did not raise the other issues presented in his appellate brief in the district court. Exceptional circumstances are not present which would justify this court addressing these issues; thus, they will not be reviewed. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 8
 Upon consideration, we conclude that the district court properly dismissed the 28 U.S.C. Sec. 2255 motion for the reasons stated in its order entered January 4, 1991, concerning ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 694 (1984). In addition, the district court's order dismissing Walsh's Fed.R.Crim.P. 35(a) motion is affirmed for the reasons stated in the district court's January 4, 1991, order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, Chief U.S. District Judge for the Western District of Michigan, sitting by designation